Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001063
27-SEP-2013
08:43 AM

NO. CAAP-12-0001063

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROBERT STAPLETON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-0545)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Robert Stapleton (Stapleton) appeals from the "Order of Resentencing Revocation of Probation" entered November 30, 2012 in the Circuit Court of the First Circuit[1] (circuit court).

Stapleton contends the circuit court (1) erred when it accepted Stapleton's guilty plea, (2) abused its discretion when it denied "[Stapleton's] Motion To Withdraw Guilty Plea," and (3) abused its discretion when it revoked probation and sentenced Stapleton to imprisonment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Stapleton's appeal is without merit.

---

[1] The Honorable Randal K.O. Lee presided.

(1)    The circuit court did not err in accepting Stapleton's guilty plea.   Our evaluation is essentially a constitutional one:

> A trial judge is constitutionally required to ensure that a guilty plea is voluntarily and knowingly entered.   Although no specific dialogue is required, the court should make "an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences."

State v. Solomon, 107 Hawai'i 117, 126, 111 P.3d 12, 21 (2005) (quoting State v. Williams, 68 Haw. 498, 499, 720 P.2d 1010, 1012 (1986) (citations and emphasis omitted).   As such, we review the validity of Stapleton's guilty plea de novo.   See State v. Jenkins, 93 Hawai'i 87, 100, 997 P.2d 13, 26 (2000); See also State v. Topasna, 94 Hawai'i 444, 452, 16 P.3d 849, 857 (App. 2000).

To ensure constitutional compliance, Hawai'i Rules of Penal Procedure (HRPP) Rule 11 provides specific guidance for courts presented with Rule 11 guilty pleas[2]:

> **Rule 11.   PLEAS**
>
>    .    .    .    .
>
>    **(c) Advice to defendant.**   The court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the defendant understands the following:
>
>    (1) the nature of the charge to which the plea is offered; and
>
>    (2) the maximum penalty provided by law, and the maximum sentence of extended term of imprisonment, which may be imposed for the offense to which the plea is offered; and
>
>    (3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made; and
>
>    (4) that if the defendant pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the right to a trial is waived; and
>
>    (5) that if the defendant is not a citizen of the United States, entry of a plea to an offense for which the defendant has been charged may have the consequences of

---

[2]   "HRPP Rule 11 (1999), specifically subsections (c) and (d) thereof, implement[s] the constitutional requirement that a trial judge ensure that a . . . plea be voluntarily and knowingly entered." Topasna, 94 Hawai'i at 452, 16 P.3d at 857 (internal quotation marks omitted); See also State v. Merino, 81 Hawai'i, 198, 217, 915 P.2d 672, 691 (1996).

deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

(d) **Insuring That the Plea Is Voluntary.** The court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from any plea agreement.

. . . .

(f) **Determining Accuracy of Plea.** Notwithstanding the acceptance of a plea of guilty, the court shall not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

The circuit court conducted an extensive on-the-record colloquy, addressing Stapleton fully under HRPP Rule 11(c) and (d). At the January 25, 2012 plea hearing, the circuit court confirmed that Stapleton: (1) understood the charge and knew the maximum penalty; (2) understood all terms and conditions of the plea agreement, including, notably, the condition of participating in a court approved sex offender treatment program; (3) understood the terms of the sex offender addendum; (4) entered the plea voluntarily; (5) understood potential consequences of a guilty plea for non-U.S. citizens; (6) understood the rights he was giving up by pleading guilty; and (7) consulted an attorney and was satisfied with the attorney's services. The record thus shows that Stapleton voluntarily and knowingly entered his guilty plea.

Pursuant to HRPP Rule 11(f), the circuit court found a satisfactory factual basis for the plea after engaging Stapleton:

[circuit court]: It states that on April 16, 2011, in the City and County of Honolulu, State of Hawaii, I knowingly subjected [complaining witness] to an act of sexual penetration by compulsion by placing my mouth on her genital.
Is that what happened in this case, Mr. Stapleton?

[Stapleton]: I -- I plead guilty, yeah, yes.

[circuit court]: Well, I understand you plead guilty, so you acknowledging that what the factual basis there is on the guilty plea form is what happened?

[Stapleton]: Yes.

Stapleton's denial of guilt in his presentence interview was after his guilty plea. See State v. Cornelio, 68 Haw. 644, 645 n.1, 727 P.2d 1125, 1126 n.1 (1986) (Defendant denied guilt at sentencing hearing and not contemporaneous with the tender of his plea; the Hawai'i Supreme Court held the sentencing judge was not required to conduct a searching inquiry.)

(2) The circuit court did not abuse its discretion in denying "[Stapleton's] Motion To Withdraw Guilty Plea." "Generally, we review the trial court's denial of a motion to withdraw guilty plea for abuse of discretion." Topasna, 94 Hawai'i at 452, 16 P.3d at 857.

"A defendant is entitled to withdraw his or her guilty plea after imposition of a sentence only upon a showing of manifest injustice." Foo v. State, 106 Hawai'i 102, 111, 102 P.3d 346, 355 (2004) (internal quotation marks and brackets omitted). "There is no manifest injustice when the trial court has made an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences." Id. at 112, 102 P.3d at 356 (internal quotation marks and brackets omitted).

The circuit court made an affirmative showing through its on-the-record colloquy. Stapleton's contentions that his trial counsel did not review the plea agreement with him were repudiated by his counsel who the circuit court found credible.

(3) The circuit court did not abuse its discretion in revoking probation and resentencing Stapleton.

> Whether probation should be granted, revoked, or modified lies solely within the discretion of the sentencing court. While the power of the court to revoke or to modify the conditions of probation is well established, the exercise of this authority must rest upon the sound and enlightened judgment of the trial court. And where the record reflects justifiable cause for the revocation or the modification of probation terms, the trial court's determination will be sustained.

State v. Yamamoto, 79 Hawai'i 511, 514, 904 P.2d 525, 528 (1995) (ellipsis omitted) (quoting State v. Huggett, 55 Haw. 632, 635-36, 525 P.2d 1119, 1122 (1974)).

4

> A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision. Factors that indicate a plain and manifest abuse of discretion are arbitrary or capricious actions by the judge and a rigid refusal to consider the defendant's contentions. In general, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Tauiliili, 96 Hawai'i 195, 198, 29 P.3d 914, 917 (2001) (internal quotation marks, citations, and brackets omitted).

Hawaii Revised Statutes (HRS) § 706-625(3) (Supp. 2012) provides: "The court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order . . . ." Stapleton understood that satisfactory participation in the sex offender program was a condition of his probation. His probation was meant to aid his rehabilitation. His participation in a sex offender program was a substantial requirement.

Stapleton refused to participate in the sex offender program on multiple occasions and failed to participate until clinically discharged with the concurrence of his probation officer. Stapleton argues that his refusal was excusable, based on State v. Reyes, 93 Hawai'i 321, 2 P.3d 725 (App. 2000). Reyes, however, is inapposite.

In Reyes, the defendant never admitted to committing a sex offense, unlike Stapleton. Reyes was convicted pursuant to a trial. Stapleton was convicted pursuant to a plea of guilty. Stapleton knowingly and voluntarily entered into a plea agreement in which satisfactory participation in sex offender treatment was an express condition. Stapleton's willful refusal to complete treatment was a justifiable cause for revoking probation.

"When the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted." HRS § 706-625(5) (Supp. 2012). Stapleton pled guilty to sexual assault in the second degree, a class B felony. HRS § 707-731(2) (Supp. 2012). "A person who has been convicted of a class

B . . . felony may be sentenced to an indeterminate term of imprisonment . . . . When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be . . . [f]or a class B felony - 10 years[.]" HRS § 706-660 (1993). The circuit court did not abuse its discretion in resentencing Stapleton to an indeterminate term of imprisonment for ten years.

Therefore,

IT IS HEREBY ORDERED that the "Order of Resentencing Revocation of Probation" entered November 30, 2012 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 27, 2013.

On the briefs:

Stuart N. Fujioka
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge